UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MR. RENE DALLAS EDWARDS,

   Plaintiff,    Civ. No. 13-cv-7731-NLH

 v.        OPINION

DR. KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

   Defendant.

---

**APPEARANCES**:

MR. RENE DALLAS EDWARDS
SUMMIT PLACE APARTMENTS
411 EAST GIBBSBORO ROAD, APT. 110
LINDENWOLD, NJ 08021

 *Plaintiff appearing Pro Se*

LAUREN E. MYERS
UNITED STATES ATTORNEY'S OFFICE
C/O SOCIAL SECURITY ADMINISTRATION
26 FEDERAL PLAZA – ROOM 3904
NEW YORK, NY 10278

 *On behalf of Defendant*

**HILLMAN**, **District Judge**

 This matter has come before the Court pursuant to Mr. Renee Dallas Edwards' ("Plaintiff") letter, filed on March 10, 2016, requesting the Court to re-open Plaintiff's case.[1]  (ECF No. 33).

---

[1] This Court issued a final judgment on this matter on July 28, 2015, dismissing the complaint because Social Security benefits are not provided while a recipient is incarcerated pursuant to

Plaintiff asserts in his first letter that he tried to "satisfy" the case out of court, but Defendant "decide[d] 'no-payments' unless it's a court-order."[2] (ECF 33 at pg. 2). The Social Security Administration Commissioner ("Defendant") provided a Response in Opposition to Plaintiff's request for relief from prior judgment filed on March 28, 2016 (ECF No. 38). A final letter from Plaintiff was received on October 28, 2016, again requesting the matter be "re-opened." (ECF No. 44). Plaintiff's second letter attached the decision of a New Jersey state court vacating his conviction that resulted in his incarceration. (ECF 44 at pgs. 7-9).

Although Plaintiff did not specify the authority under which he seeks relief in either of his two letters to the Court, read liberally these letters appear as motions to vacate the dismissal of Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 60(b). For the below reasons, both motions by Plaintiff must be dismissed.

## BACKGROUND

When Plaintiff filed his complaint, he was incarcerated and

---

42 U.S.C. § 402(x)(1)(A), and because the plaintiff had not exhausted the administrative remedies to challenge a decision by the Social Security Administration Commissioner. (ECF No. 28 at pg. 2).

[2] The Court notes that the case was dismissed without awarding any benefits and the Court did not direct Plaintiff to pursue any further action. (ECF No. 28).

no longer received the disability benefits he had received the previous twelve years. (ECF No. 1). Plaintiff argued that he needed to receive his disability benefits while in prison due to the inaccessibility of adequate services in prison without additional funds. (Id.). Plaintiff also alleged that he became more disabled due to an assault by another inmate. (Id.). Defendant filed a motion to dismiss, arguing that 42 U.S.C. § 402(x)(1)(A) made Plaintiff ineligible by law for benefits because of his incarceration of more than 30 days. (Id.). Defendant also argued 42 U.S.C. § 405(g) required Plaintiff to exhaust additional administrative remedies before bringing an action to federal court, and except as provided by 42 U.S.C. § 405(g), Plaintiff was barred from suing the Social Security Administration. (Id.).

This Court dismissed Plaintiff's complaint and closed the case on July 27, 2015. (ECF No. 28). As stated above, Plaintiff has since requested this case to be "re-opened," (ECF Nos. 33 and 44), and Defendant has responded to the first letter in March of 2016 in opposition. (ECF No. 38).

## DISCUSSION

As noted above, Plaintiff's first letter requests that this Court re-open this case and "allow a jury-trial" [sic]. (ECF No. 33). Plaintiff simply reiterates the argument presented in his complaint: that he is entitled to "backpay" of his

disability benefits.  (Id.).  Plaintiff's second letter reiterates his request to "re-open" the case and attached the judgment of a state court overturning his prior conviction. (ECF. No. 44).  Although Plaintiff is asking this Court to vacate the dismissal of his case, such a motion cannot be entertained.

At the outset, this Court does not have jurisdiction to evaluate Plaintiff's requests for social security benefits because Plaintiff has not exhausted his administrative remedies as required by statute 42 U.S.C. § 405(g).  Alvarez v. Comm. of Soc. Sec., No. 17-07422, 2018 WL 2411605, at *2 (D.N.J. May 29, 2018); Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992) (per curiam).  The Supreme Court ruled that § 405(g) "clearly limits judicial review" to final decisions of the Social Security Administration.  Califano v. Sanders, 430 U.S. 99, 108 (1977).[3] Exhaustion of administrative remedies may not be required in specific situations where Plaintiff's claims are collateral to a claim for benefits and where the harm imposed by completing the administrative requirements would be irreparable.  Pallotta v. Barnhart, 144 Fed. Appx. 938, 940-41 (3d Cir. 2005) (citing Bowen v. City of New York, 476 U.S. 467, 483 (1986). Plaintiff's benefits claim in the two letter motions, however,

---

[3] A final decision is defined by the Social Security Administration regulations.  See 20 C.F.R. § 404.900(a)(1)-(4).

is not "collateral" but the center of this controversy, and Plaintiff has not raised any claims related to irreparable harm if required to exhaust the administrative remedies provided by the Social Security Administration.  This Court must dismiss these motions on that basis.[4]

## CONCLUSION

Accordingly, because Plaintiff's motions to "re-open" his case are not within this Court's jurisdiction, this Court must deny both motions.  Plaintiff's requests for benefits cannot be assessed on the merits because Plaintiff has not exhausted his administrative remedies as required by statute 42 U.S.C. § 405(g).  An appropriate Order will be entered.


Date: April 25, 2022                       s/ Noel L. Hillman
At Camden, New Jersey                      NOEL.L. HILLMAN, U.S.D.J.

---

[4] As previously noted in ECF No. 28, Plaintiff is encouraged to contact the Social Security Administration with regard to his disability benefits.  By way of letter on July 13, 2015, the Social Security Administration Commissioner noted that Plaintiff was to be released from prison within a few days and indicated that "Plaintiff may be eligible for Social Security benefits after he is released.  For more information, Plaintiff may call Social Security's toll-free telephone number 1-800-772-1213 to schedule an appointment with a representative.  He can also visit the website http://www.ssa.gov/reentry/ for information on Social Security benefits after incarceration."  (ECF No. 24 at 1).  Plaintiff is required to exhaust his administrative remedies with the Social Security Administration before he can access judicial review.  42 U.S.C. § 405(g).